IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALFRED MARTINEZ,

        Petitioner,

vs.                                              No. C.V. 97-1469 JP/LFG

CHARLES CRANDELL, Warden,

        Respondent.

## MAGISTRATE JUDGE'S FINDINGS
## AND RECOMMENDED DISPOSITION[1]

### Findings

1. This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner Alfred Martinez ("Martinez"), currently confined by the State of New Mexico, but housed in Florence, Arizona, challenges his conviction entered August 17, 1995 by the Thirteenth Judicial District Court in *State v. Martinez*, No. CR-95-105-CR (County of Cibola, New Mexico). (Answer, filed March 26, 1998, Ex. A). A jury found Martinez guilty of second-degree murder, contrary to NMSA 1978, § 30-2-1, as amended, and attempted voluntary manslaughter, contrary to NMSA 1978, § 30-28-1, as amended, and § 30-2-3. Martinez was sentenced to nine years for second-degree murder and eighteen months for attempted voluntary manslaughter. His sentences ran consecutive.

Martinez appealed. The New Mexico Court of Appeals affirmed on June 26, 1997. (Answer, Ex. H). The New Mexico Supreme Court denied his petition for writ of certiorari. (Answer, Ex. J).

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommenda-tions. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

2. Martinez presents the following grounds for federal habeas review:

<u>Ground One</u>: The State failed to prove either that its warrantless arrest of Alfred Martinez and warrantless search of his trailer was justified by exigent circumstances, or that Mr. Martinez freely consented to a search of this truck.

<u>Ground Two</u>: The trial court erred by admitting Alfred Martinez's testimony from his first trial as part of the state's case-in-chief at his second trial.

<u>Ground Three</u>: The trial court abused its discretion by excluding evidence that Wayne Velasquez bragged about killing a man, Ronnie Montoya, thereby depriving Alfred Martinez of the ability to develop an essential element of self defense.

3. As a threshold matter, the Court must determine whether Martinez meets the exhaustion requirements of Section 2254. Respondent concedes, and this Court finds, that Martinez has exhausted his claims.

4. Because Martinez filed his habeas petition on November 17, 1997, the Court construes his petition under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996).

5. The Court is mindful of the changes AEDPA made to the standard of review a federal habeas court must use when assessing a state court's adjudication. AEDPA provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits unless the adjudication of the claim--

> (1) resulted in a decision that was contrary to, or involved unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States, or

>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

28 U.S.C. § 2254(d)(1) and (2). AEDPA, unfortunately, provides no further illumination about the intended meaning of the terms, and, as a result, there is a split among circuits construing this section.

There is a consensus that the standard is much stricter under AEDPA and that greater deference is given state court determinations. The question among circuits is how much deference must a federal court accord a state court decision. Some circuits have held that AEDPA imposes a standard of almost complete deference. *See Neelley v. Nagle*, 138 F.3d 917 (11th Cir. 1998), *pet. cert. filed* (August 17, 1998)(No. 98-6528); *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied*, 117 S. Ct. 1114 (1997); *Green v. French*, 143 F.3d 865, 870 (4th Cir. 1998). Other courts have held that the level of deference cannot be so deferential as to interfere with the federal court's power to decide cases. *See O'Brien v. Dubois*, 145 F.3d 16 (1st Cir. 1998). Our circuit employed the standard set forth in *Drinkard* in *White v. Scott*, 141 F.3d 1187 (table), 1998 WL 165162 (10th Cir. April 9. 1998)(No. 97-628). Although this is an unpublished decision, the Court finds it appropriate to employ the same standard:

> [A]n application of law to facts is unreasonable only when it can be said that reasonable jurists considering the question would be of one view that the state court ruling was incorrect. In other words, we can grant habeas relief only if a state court decision is so clearly incorrect that it would not be debatable among reasonable jurists.

*Id.*, 97 F.3d at 769.

Finally, state factual findings, including credibility determinations, are given the presumption of correctness absent a showing by clear and convincing evidence that the presumption does not

3

apply. 28 U.S.C. § 2254(e)(1); *Houchin v. Zavaras*, 107 F.3d 1465, 1470 (10th Cir. 1997).

6. Martinez contends that his conviction is invalid because his warrantless arrest and the warrantless search of his trailer was not justified by exigent circumstances and also because he did not freely consent to a search of his truck.

7. Fourth Amendment exclusionary rule claims are not cognizable in federal habeas corpus proceedings if the petitioner had an opportunity for full and fair litigation of the claim in state court. *See Stone v. Powell*, 428 U.S. 465, 494, 96 S. Ct. 3037 (1976). The record of Martinez's criminal proceedings shows that he challenged the constitutionality of the arrest and search at a suppression hearing and at trial, through a motion in limine, and as an issue on direct appeal. In each instance, the court decided his claims on the merits and concluded that there was probable cause for the search and arrest.

The Court finds that Martinez had a full and fair opportunity to litigate his Fourth Amendment claim in state court and federal habeas relief is not available. Moreover, assuming arguendo, that AEDPA's two-tiered analytical framework applies, the result is the same, to wit, the record shows that there was a state court adjudication in the merits, and, two, the state courts reasonably applied clearly established federal Fourth Amendment law as interpreted by the Supreme Court and that reasonable jurists would reach the same conclusion. *See Carlson v. Ferguson*, 9 F. Supp. 2d 654 (S.D. W.Va 1998).

8. Martinez's remaining two grounds challenge evidentiary rulings made by the trial court. Martinez takes the position that it was error to allow testimony from his first trial as part of the state's case-in-chief at the second trial and, two, that the court erred by excluding testimony that the victim was a bully.

4

9. The law makes clear that "[i]n order for habeas corpus relief to be granted by a federal court based on a state court evidentiary ruling, the rulings must render the trial so fundamentally unfair as to constitute a denial of a federal constitutional rights." *Vigil v. Tansy*, 91 7 F.2d 1277, 1280 (10th Cir. 1990), *cert. denied*, 498 U.S. 1100 (1991)(quotation omitted). Trial courts have broad discretion regarding the admissibility of testimony. *See United States v. Davis*, 40 F.3d 1069, 1073 (10th Cir. 1994), *cert. denied*, 514 U.S. 1088 (1995).

10. New Mexico law provides that a defendant's testimony at a former trial may be used against him on retrial. *State v. DeSantos*, 91 NM 428, 430, 575 P.2d 612, 614 (Ct. Ap. 1978). Martinez argues an exception to the general rule applies because he had no choice but to testify as a result of the court's determination on the suppression motions.

11. As discussed above, the court found that the exception to the general rule did not apply since the searches and seizures were lawfully executed. The trial court's admission of Martinez's earlier testimony does not rise to a constitutional level.

12. Finally, Martinez alleges that the trial court abused its discretion by excluding evidence of a prior violent incident involving the victim. Agent Buck testified that he heard the victim had bragged about killing another. Officer Beck did not hear the victim make the remarks. He learned about it when he read a note written by another case agent. Martinez posits this information was crucial to his case of self defense.

13. The trial court excluded the hearsay testimony and the Court of Appeals found no error because there had been no attempt to lay a foundation that Agent Beck had first-hand knowledge of the victim's reputation, and the testimony would not have directly addressed Martinez's state of mind and reasonable fear of the victim. In addition, the information came in through Martinez, thus making

5

Agent Beck's testimony cumulative. Applying AEDPA's two- tiered standard of review, the Court finds that the exclusion of the hearsay testimony did not involve an unreasonable application of federal law to the facts of this case, nor did it result in a trial fundamentally unfair in a constitutional sense. Accordingly, grounds two and three are without merit.

## Recommended Disposition

That the petition be dismissed with prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

PETITIONER:
Alfred M. Martinez, pro se

COUNSEL FOR RESPONDENT:
William McEuen, Esq.